## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMIE HARPER and JESSICA OWENS, on
their own behalf and on behalf of all similarly
situated individuals,

                 Plaintiffs,

v.

                                          CASE NO.:  5:18-CV-04008

JEFF ANDERSEN, in his official capacity as the
Secretary of the Kansas Department of Health and
Environment, and JON HAMDORF, in his
official capacity as the Director of the Kansas
Division of Health Care Finance,

                 Defendants.

## SUGGESTIONS IN SUPPORT OF MOTION FOR FINAL
## <u>APPROVAL OF CLASS ACTION SETTLEMENT</u>

Plaintiffs and appointed Class Representatives Jamie Harper and Jessica Owens, ("Plaintiffs" or "Class Representatives") have moved this Court for an Order pursuant to Fed. R. Civ. P. 23 that will: (1) finally certify a Settlement Class as provided for in the Settlement Agreement and in this Court's Preliminary Approval Order; (2) finally approve the terms of the proposed Settlement Agreement as the final judgment in this action; (3) determine that the Notice Plan was properly implemented by the parties in this action; (4) approve Class Counsel's attorney fees and costs as submitted by them in this action in the respective sums of $67,002.93 and $997.07, which sums are both stipulated in the Settlement Agreement and unopposed and without objection by the Defendants or class members;  (5) approve payment of the incentive/service awards for the Class Representative in the sum of $7500 each, which sums are both stipulated in the Settlement Agreement and unopposed and without objection by the Defendants or class members; and for such further relief as the Court deems just and proper.

4818-9689-4607

I.    **PRIOR FILINGS**

Plaintiffs incorporated herein by reference, prior significant filings in this case, including

specifically:

A.    **The Parties' Joint Motion for Preliminary Approval of Settlement and
      Suggestions in Support Said Motion, Doc ## 28 and 29,** and attachments
      thereto filed December 6, 2018,  in which the parties provided the Court with the
      background of this litigation, the Hepatitis C epidemic, the "curative treatment" of
      direct-acting antiviral drugs,  the standard of care to treat all persons with HCV
      with DAA drug therapy established by the American Association for the Study of
      Liver Diseases and the Infectious Disease Society of America, the need for the
      state of Kansas, through its Medicaid program, to provide funding and treatment
      for all HCV infected Medicaid enrollees irrespective of their fibrosis scores,  and
      the settlement negotiated by the parties for the proposed settlement class;

B.    **This Court's Order Preliminarily Approving Class Action Settlement, Doc. #
      31** filed December 21, 2017,   in which this Court preliminarily approved the
      Settlement Agreement between the parties, preliminarily certified a Settlement
      Class; designated the plaintiffs herein as Class Representatives, designated
      plaintiff counsel as Class Counsel,  and ordered notice to be given to the class in
      anticipation of the hearing on final approval of the Settlement Agreement,
      Settlement Class, and approval of attorney fees and expenses incentive/service
      awards for the Class representatives;

C.    **Defendants' Notice of Completion, Doc # 33** filed February 6, 2018, in which
      Defendants certified that they had provided the Court ordered written notice by
      first class mail to Class Members through their various providers and that they
      had posted on the KDHE Website the Court ordered class settlement notice on
      January 23, 2019 at http://www.kdheks.gov/hcf/Medicaid/hep_c_settlement.htm .

D.    **Motion to Approve Attorney Fees and Service/Incentive Fee Awards, Doc #
      34** filed February 7, 2018, in which Class Counsel established their claimed
      entitlement to attorney fees totaling $67,002.93 and expenses totaling $997.07,
      and service fee awards for the class representatives in the sum of $7500 each;

E.    **Declaration of Jamie Harper Doc #35** filed February 7, 2019 establishing facts
      to support his claim for a service/incentive award of $7500;

F.    **Declaration of Jessica Owens Doc # 36** filed February 7, 2019 establishing facts
      to support his claim for a service/incentive award of $7500; and

G.    **Declaration of J. Stan Sexton Doc # 37** filed February 7, 2019 establishing facts
      to support Class Counsel's claim for attorney fees totaling $67,002.93 and
      expenses totaling $997.07, and service fee awards for the class representatives in
      the sum of $7500 each.

2

II.     **THE SETTLEMENT**

    A.     **The Settlement Class**

Pursuant to Fed. R. Civ. P. 23(b)(2), the Parties seek final certification, for settlement purposes only, of the following Settlement Class:

       All individuals who:

were, are, or will be enrolled in the Kansas Medicaid Program on or after October 31, 2016;

require or are expected to require treatment for Hepatitis C with Mavyret® or other similar direct acting antiviral under the current guidelines adopted by the American Association for the Study of Liver Diseases and the Infectious Diseases Society of America; and

did not meet the coverage criteria for HCV medication adopted by Defendants prior to the initial filing of this action, an exemplar for which is the Prior Authorization for Harvoni® attached as Exhibit A, except those Medicaid enrollees denied coverage based upon a history of illicit intravenous (IV) substance use within the 3 month period of their request for Mavyret® or other similar direct acting antiviral treatment for Hepatitis C.

    B.     **Settlement Notice**

In accordance with the Settlement Agreement and this Court's order, Defendants herein have provided a Declaration of Completion, Doc. #33 that the requisite notice including specifically first-class mail notice to members of the class, together with a website reference to the settlement, both of which contain the precise language included by the Court in its order to be given to class members.

Similarly, with this filing, Class Counsel provide the court with a declaration from the American Civil Liberties Union of Kansas' webmaster, Esmie Tseng, dated March 19, 2019 attached as Exhibit B, which likewise establishes that that same requisite notice, together with links to relevant settlement documents, has been maintained on the ACLU's website since December 27, 2018. See, https://www.aclukansas.org/en/notice-medicaid-hepc-patients.

Thus, the parties have satisfied the provisions in the settlement agreement and the court ordered that requisite notice be given to class members of the settlement and the final hearing for approval of the settlement set by the Court.

### C.    Objections

The deadline for class members and others to file objections expired on February 21, 2019. As of that date, neither Class Counsel nor Defendants' Counsel have received copies of any objections, nor does the Court file reflect the independent filing of any such objections. Class counsel received two inquiries from persons who received notice from the State but whose circumstance had changed such that they were not members of the settlement class itemized as follows:

1.    On February 1, 2019, class counsel J. Stan Sexton received a telephone inquiry from a former Kansas resident and Medicaid enrollee[1], asking for an explanation of letters that he had received from the state of Kansas—the Class Notice. The caller had been rejected for DAA drug therapy to treat his HCV by Kansas Medicaid but subsequently qualified for treatment under Medicare and has since moved to Colorado. Class counsel informed him the settlement was for Kansas Medicaid enrollees who had not been treated for their HCV and that since he had already received the treatment and was now a resident of Colorado, he was not a class member.

2.    On February 26, 2019, class counsel J. Stan Sexton received a telephone inquiry another former Kansas resident and Medicaid enrollee, asking for an explanation of letters that she had received from the state of Kansas—the Class Notice. The caller had been rejected for DAA drug therapy to treat her HCV by Kansas Medicaid but subsequently qualified for and obtained the treatment from Medicare and has since moved to Oklahoma.  Class counsel informed her the settlement was for Kansas Medicaid enrollees who had not been treated for their HCV and that since she had already received the treatment and was now a resident of Oklahoma, she was not a class member.  Nonetheless, Ms. Harris indicated the she intended to communicate with the Court about the settlement.

---

[1] Class counsel has provided the identity of both callers to the Court in an email that forwards a proposed final order approving the settlement.

Class counsel informed Defense counsel of these inquiries and responses as set out above.

**III.  STANDARD OF REVIEW OF SETTLEMENT**

Rule 23(e) of the Federal Rules of Civil Procedure governs settlements of class action lawsuits.  It provides that a "class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Plaintiffs incorporate herein by reference the legal requirements for the approval of this class settlement previously submitted to the court in Doc. # 29.

**IV.  CONCLUSION**

For the reasons stated above and in the court filings incorporated by reference, Plaintiffs' request that the Court order:

(1)  final certification of the Settlement Class;

(2)  final approval of the terms of the proposed Settlement Agreement;

(3)  finding that the Notice Plan was properly implemented by the parties;

(4)  approving payment of the fees and expenses of appointed Class Counsel in the respective sums of $67,002.93 and $997.07, which sums are both stipulated in the Settlement Agreement and unopposed and without objection by the Defendants or class members;

(5)  approving payment of the incentive/service awards for the Class Representatives in the sum of $7500 each, which sums are both stipulated in the Settlement Agreement and unopposed and without objection by the Defendants or class members; and

(6)  entering such further relief as the Court deems just and proper.

March 26, 2019                                   Respectfully submitted,


                                                   *s/ J. Stan Sexton*
                                                  J. Stan Sexton, # 9630
                                                  Andrew D. Carpenter, #16765
                                                  Russell J. Shankland, #78676
                                                  Shook, Hardy & Bacon LLP
                                                  2555 Grand Blvd.
                                                  Kansas City, MO 64108
                                                  jsexton@shb.com
                                                  acarpenter@shb.com
                                                  rshankland@shb.com
                                                  dbdwerlkotte@shb.com
                                                  Phone:  816-474-6550
                                                  Fax:  816-421-5547

                                                  Lauren Bonds, #27807
                                                  American Civil Liberties Union of Kansas
                                                  6701 W 64th St., Suite 210
                                                  Overland Park, KS 66202
                                                  Phone: (913) 490-4102
                                                  Fax: (913) 490-4119
                                                  lbonds@aclukansas.org

                                                  ***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2019, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

*s/ J. Stan Sexton*
J. Stan Sexton
