## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMIE HARPER and JESSICA OWENS, on their own behalf and on behalf of all similarly situated individuals,**<br><br>          **Plaintiffs,**<br><br>**v.**<br><br>**LEE A. NORMAN, in his official capacity as the Secretary of the Kansas Department of Health and Environment, et al.,**[1]<br><br>          **Defendants.** | **Case No.  18-4008-DDC-GEB** |

## ORDER ON FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

Before the court are plaintiffs Jamie Harper and Jessica Owens's Motion for Final Approval of Class Settlement (Doc. 39) and Motion for Attorney Fees and Service/Incentive Fees Award (Doc. 34).  On April 18, 2019, the court held a Final Settlement Approval Hearing, at which it received testimony from both Named Plaintiffs and a class member in attendance. Upon considering the hearing testimony and reviewing the parties' submissions (Docs. 34–41), the court grants plaintiffs' motions, adopting the following in support of granting the motions.

This case commenced February 15, 2018.  An Amended Complaint alleged violations of various subsections of 42 U.S.C. § 1396a, a provision of Title XIX of the Social Security Act. Doc. 26.  Plaintiffs named as defendants Jeff Andersen, in his official capacity as the then

---

[1]       As a matter of judicial housekeeping, the court substitutes plaintiffs' official capacity claim against Jeff Andersen for an official capacity claim against Mr. Andersen's successor in that office—current Secretary of the Kansas Department of Health and Environment Lee A. Norman.  Fed. R. Civ. P. 25(d).

Secretary of the Kansas Department of Health and Environment (KDHE), and Jon Hamdorf, in his official capacity as the then Director of the Kansas Division of Health Care Finance.  *Id.* at 3–4 (Amend. Compl. at ¶¶ 6–7).  Plaintiffs alleged the defendants imposed arbitrary and improper policies governing Medicaid coverage for Hepatitis C treatment.  *See, e.g.*, *id.* at 1, 15.  The Amended Complaint also advanced allegations in support of class certification under Federal Rule of Civil Procedure 23.  *Id.* at 14–17 (Amend. Compl. at ¶¶ 56–63).  Finally, the Amended Complaint sought injunctive and declaratory relief as to the class and an award of damages to the Named Plaintiffs.  *Id.* at 17–18 (Amend. Compl. at ¶¶ 65–66, 68–69, 71–72).

On July 10, 2018, the parties engaged in mediation, resulting in an agreement to settle. (Doc. 19).  On December 21, 2018, the court held a hearing and preliminarily approved the class action settlement.  The court scheduled the Final Settlement Approval Hearing for April 18, 2019.  In advance of that hearing, plaintiffs filed a Motion for Attorney Fees and Service/Incentive Fee Awards, supported by declarations from both Named Plaintiffs, a declaration from counsel for plaintiffs, and a time log for counsel's work on the case.  Docs. 34–37.  Plaintiffs also moved for final approval of the class action settlement.  Doc. 38.  Finally, defendants filed a Notice of Completion and an Amended Notice of Completion, both attesting to the notice provided to class members.  Doc. 33, 40; *see also* Doc. 41 (plaintiffs' Response to Amended Notice of Completion).

Having reviewed the terms of the proposed settlement and the above-referenced submissions of the parties, the court orders as follows:

1.      The terms of the Settlement as provided therein, are finally approved as fair, reasonable, and adequate to the Settlement Class as defined in the Agreement (Fed. R. Civ. P. 23(e)(2)).

2.      The definitions set forth in the Agreement are incorporated by reference into this Order.

3.      The parties have executed the Agreement in order to settle and resolve this Action on a classwide basis, and the court now approves the settlement agreement.

4.      Accordingly, for the purpose of a settlement in accordance with the Agreement, this court hereby certifies the following class of persons as the Settlement Class:

> All individuals who:
>
> (i)      were, are, or will be enrolled in the Kansas Medicaid Program ("KanCare") on or after October 31, 2016;
>
> (ii)      require, or are expected to require treatment for Hepatitis C with Mavyret® or other similar direct acting antiviral ("DAA") under the current guidelines adopted by the American Association for the Study of Liver Diseases and the Infectious Diseases Society of America; and
>
> (iii)      did not meet the coverage criteria for Prior Authorization of HCV DAA Drug treatment adopted by Defendants as specified in the Harvoni® exemplar Exhibit A, except those Medicaid enrollees denied coverage or Prior Authorization based on a history of illicit intravenous ("IV") substance use within

the three-month period preceding their Prior Authorization request for Mavyret®, Harvoni®, or other similar direct acting antiviral treatment for Hepatitis C.

5.    Under the Agreement, and for purposes of the Settlement only, the court finds that:

a.    The Settlement Class is so numerous that joinder of all members is impracticable (Fed. R. Civ. P. 23(a)(1));

b.    There are questions of law or fact common to the Settlement Class that predominate over questions affecting only individual members of the Settlement Class (Fed. R. Civ. P. 23(a)(2));

c.    The claims of the Named Plaintiffs are typical of those members of the Settlement Class (Fed. R. Civ. P. 23(a)(3));

d.    The Named Plaintiffs and plaintiffs' counsel will fairly and adequately represent and protect the interests of the members of the Settlement Class (Fed. R. Civ. P. 23(a)(4)); and

e.    Certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of the controversies between the Class Members and the defendants (Fed. R. Civ. P. 23(b)(3)).

6.    For the purposes of this final approval, and for all matters relating to the Settlement and the Action, the court affirms the appointment of the Named Plaintiffs as

Representatives of the Settlement Class and J. Stan Sexton of Shook Hardy & Bacon LLP and

Lauren Bonds of the American Civil Liberties Union of Kansas as Class Counsel.

7.      By this Order, the court hereby exercises subject matter and personal jurisdiction

over the Settlement Class and finally certifies the Settlement Class and the fairness and adequacy

of the Settlement.

8.      The Notice Plan, as set forth in the parties' Agreement, is found to have been

adequately implemented by counsel for the parties in a form substantially the same in manner as

under the Agreement.[2]

9.      The Notice Plan methodologies (a) protect the interests of the Named Plaintiffs,

the Settlement Class, and the defendants, (b) are the best notices practicable under the

circumstances, and (c) are reasonably calculated to apprise the Settlement Class of the

Settlement, the Agreement, and their right to opt out and exclude themselves from or object to

the Settlement.  In addition, the court finds that the notice methodologies given by the parties are

reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive

notice of the Settlement and meet all applicable requirements of law, including, but not limited

to, Federal Rule of Civil Procedure 23 and constitutional due process requirements.

10.     Based upon the stipulation of the parties in the Agreement, the factual statement

presented through the declaration of J. Stan Sexton, and the exhibits to such declaration, the

court awards the firm of Shook Hardy & Bacon, LLP costs of $997.07 and attorney fees of

---

[2]      Defendants' first Notice of Completion included a draft version of the notice mailed to Class Members, a draft that misstated March 20, 2019, as the date of the Final Settlement Approval Hearing.  *See* Doc. 33-1 at 2.  The Amended Notice of Completion features the actual notice mailed to Class Members, which correctly identified the hearing date.  *See* Doc. 40-1.  The KDHE, however, posted the draft version of the notice, with the incorrect date, on its website.  Nonetheless, the court concludes (1) the misstated date on the KDHE website did not affect the rights of the Class Members because Class Members received notice of the proper date and nothing suggests anyone appeared at the courthouse on March 20, 2019; and (2) the parties substantially complied with the notice plan.

$67,002.93, a combined figure that does not exceed the stipulated sum of $68,000.00 for the services rendered to the Named Plaintiffs and the Settlement Class.

11.     For services rendered by Mr. Harper and Ms. Owens, the court approves representative plaintiff awards in the sum of $7500.00 to both Mr. Harper and Ms. Owens.  As expressed by the court at the Final Approval Settlement Hearing, all too often proposed service fees to named plaintiffs function either as (1) payments for service to class counsel; or (2) a reward to the named plaintiffs merely for having sued—a reward that comes at the expense of the funds available for distribution to class members.  *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) ("Yet applications for incentive awards are scrutinized carefully by courts who sensibly fear that incentive awards may lead named plaintiffs to expect a bounty for bringing suit or to compromise the interest of the class for personal gain.").  For three reasons, the declarations of Mr. Harper and Ms. Owens, as well as their testimony, allays the court's concerns.  First, Mr. Harper and Ms. Owens have devoted substantial personal time and effort to this litigation. Second, based on the nature of the litigation and stigmas associated with Hepatitis C, Mr. Harper and Ms. Owens took meaningful personal risks when they commenced this litigation.  Third, where the claims seek injunctive and declaratory relief instead of monetary damages, receipt of service awards will not diminish the funds available for distribution to class members.

12.     The court finds that no Settlement Class Member nor any attorney alleging to represent any Settlement Class Member, has objected to the Settlement.  Also, the only class member to attend the Final Settlement Approval Hearing testified in favor of the court approving the Settlement.

13.     Settlement Class Members, having failed to object to the Settlement in a manner provided in this Order and in the court's Order Preliminarily Approving the Settlement (Doc. 31

at 4), are deemed to have waived any such objection and shall forever be barred from making any objection to the Settlement, including without limitation, the propriety of class certification, the adequacy of notice, or the fairness, adequacy, or reasonableness of the Settlement.

14.     Neither this Order, the Agreement, nor any of their terms or provisions, nor any of the negotiations between the parties or their counsel (nor any action taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by or against any of the parties or the Released Persons of (i) the validity of any claim or liability, any alleged violation or failure to comply with an law, any alleged breach of contract, or any legal or factual argument, contention, or assertion; (ii) the truth or relevance of any fact alleged by plaintiffs; (iii) the existence of any class alleged by plaintiffs; (iv) the propriety of class certification if the action were to be litigated rather than settled; (v) the validity of any claim or any defense that has been or could have been asserted in the action or in any other litigation; (vi) that the consideration to be given to the Class Members hereunder represents the amount or type of relief which could be or would have been recovered by any such persons after trial; or (vii) the propriety of class certification in any other proceeding or action.  Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any way be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, or factual or legal positions of defendants, and shall not be offered or received in evidence in the action or any action or proceeding against any party in any court, administrative agency, or other tribunal for any purpose whatsoever, except as is necessary (a) to enforce the terms of this Order and Agreement, or (b) to show, if appropriate, the recoveries obtained by the Named Plaintiffs and Class Members hereunder, including, but without limitation, the attorneys' fees award and costs; provided, however, that this Order and the Agreement may be filed by defendants in any

action filed against or by defendants, or any other Released Person, to support a defense of res

judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction,

full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense

or counterclaim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for

Final Approval of Class Action Settlement (Doc. 38) and plaintiffs' Motion for Attorney Fees

and Service/Incentive Fee Awards (Doc. 34) are granted.

**IT IS FURTHER ORDERED BY THE COURT THAT:**

1. The defendant shall pay to class counsel costs of $997.07 and attorney fees of
   $67,002.93, a combined figure that does not exceed the stipulated sum of $68,000.00
   provided for in the Settlement Agreement for the services rendered to the Named
   Plaintiffs and the Settlement Class;

2. The defendants shall pay Jamie Harper and Jessica Owens the service fee of $7500.00
   each;

3. This Order shall constitute a judgment form under Federal Rule of Civil Procedure
   58.  All costs other than those awarded herein shall be borne by the parties incurring
   them.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk shall close this case.

**IT IS SO ORDERED.**

**Dated this 29th day of April, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**